**IN THE COURT OF APPEALS OF IOWA**

No. 24-1057
Filed October 16, 2024

**IN THE INTEREST OF M.H., M.H., and T.H.,**
**Minor Children,**

**J.B., Mother,**
  **Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, Judge.


A mother appeals the termination of her parental rights. **AFFIRMED**.


Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

ConGarry D. Williams, Des Moines, attorney and guardian ad litem for minor children.


Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights under Iowa Code section 232.116(1)(f) (2024).  She argues the State failed to prove the statutory ground for termination and termination is not in the best interests of the children.

## I.     Background Facts and Prior Proceedings

This appeal involves three children: M.H., born in 2017, T.H., born in 2018, and M.H., born in 2020.  The children most recently came to the attention the Iowa Department of Health and Human Services (HHS) in September 2021 because of domestic violence between the mother and the father.[1]  According to the reports, the father assaulted the mother over a three-hour period in a vehicle with all three children present.  A safety plan was developed to keep the father away from the mother and the children.  But the mother minimized the domestic abuse and the effect it had on the children and failed to participate in domestic violence or mental-health related services.

The court adjudicated the children as children in need of assistance the next year in May 2022 under Iowa Code sections 232.2(6)(b) and (c)(2) (2022).  The children remained in the mother's custody under HHS supervision, subject to a safety plan.  The court noted in the adjudication order that the mother reported the most recent incident of domestic violence by the father to be May 2022.  The children remained in the custody of the mother until March 2023, when the State moved to modify the placement based on a new incident of domestic violence

---

[1] One of the children was the victim of a founded child abuse report in 2018 for the presence of illegal drugs.  In 2020, HHS completed another founded abuse report for one child for presence of illegal drugs.  And in 2021, all three children were listed as victims in a founded abuse report for denial of critical care.

where the mother obtained injuries. The mother provided various versions of how she obtained the injuries, ranging from being struck by the father to being struck by an unknown individual. The court modified the placement to HHS custody, and HHS placed the children with the maternal grandmother.

The mother provided a positive drug test in November 2023. The mother had been spending a significant amount of time with the father. And the following month, law enforcement was called to the mother's apartment because of an argument between the mother and the father.

In January 2024, four days before the permanency hearing, law enforcement again was at the mother's apartment for a fight between the mother and the father. Law enforcement reported that both parents had been drinking. The mother failed to complete a requested drug screen. After waiting ten days, the mother complied with a request for a drug patch. But HHS believed the mother tampered with the patch, and the mother failed to bring the patch to the testing facility or provide such to HHS at the end of the testing period.

Following the permanency hearing, the court granted the mother a three-month extension for reunification efforts as she had made some positive strides in counseling and the court noted a bond between the mother and the children.

In late January, the same month of the permanency hearing, a neighbor called law enforcement to the mother's house after hearing a female yelling. The mother later revealed the father hit her in the face. Two days later, the mother applied for a chapter 236 protective order. A one-year protective order was granted in March following an evidentiary hearing. But that same month, an in-home worker noticed bruising in the shape of handprints on the mother's left arm.

The father was arrested for violation of the no-contact order and a probation violation. The mother later informed the worker that the father was at her house for dinner and stayed overnight, but a fight occurred the next day. After the father was arrested, the mother accepted phone calls from him via the jail, up to two to three times per day. After an April permanency review hearing, the mother attended therapy only twice. The State moved to terminate the mother's parental rights in May. Following hearing, the court granted the State's petition, finding the mother had failed to address the domestically violent relationship with the father, her substance use, and her inability to keep the children safe.[2] The mother appeals.

## II. Standard of Review

"In termination-of-parental-rights cases, we review the proceedings de novo." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

## III. Analysis

The mother argues the State failed to present sufficient evidence to support a statutory ground for termination and termination is not in the best interests of the children. To review the termination of parental rights, we follow a three-step analysis. *In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021). "First, we determine whether [a] ground for termination under Iowa Code section 232.116(1) has been

---

[2] The district court previously terminated the father's parental rights, and this court affirmed the appeal of the termination of his parental rights in June of this year. *In re M.H.*, No. 24-0576, 2024 WL 3050791, at *3 (Iowa Ct. App. June 19, 2024).

established." *Id.* (cleaned up). Second, we consider whether the best interests of the children support termination, as laid out in section 232.116(2). *Id.* And finally, we look to see if any exceptions to termination in section 232.116(3) should be applied. *Id.* Ultimately, "[t]he State must prove termination was proper by clear and convincing evidence." *Id.* at 312.

But when the parent does not raise a claim relating to any of the three steps, we do not address that step and instead limit our review to the specific claims presented. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (recognizing we do not consider a step the parent does not challenge). Here, we limit our discussion to the statutory ground relied on by the district court and the best-interests analysis.

### A. Statutory Ground for Termination

The court terminated the mother's parental rights under section 232.116(1)(f) (2024). A ground for termination under section 232.116(1)(f) exists if the court finds that all the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not contest the first three elements but focuses on the fourth element, whether the children could safely be returned to her custody. As to the challenged element, the mother argues the children could have been returned to her at the present time, asserting that the requirement of

section 232.116(1)(f)(4) was not met. Section 232.116(1)(f)(4) requires there be "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." "At the present time" means "at the time of the termination hearing." *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018).

After a close review of the record, we conclude the children could not be safely returned to the custody of the mother at the time of the termination hearing. The mother, despite several years of services, had not made progress in addressing the domestic violence and substance issues that affected her ability to safely parent the children.

As this court has held, a parent's inability to protect children from domestically violent relationships satisfies this element. Children cannot be returned to the mother where her abusive paramour presents a risk of harm to the children. *See, e.g.*, *In re J.R.*, No. 17-0556, 2017 WL 2684405, at *3 (Iowa Ct. App. June 21, 2017) ("The threat to children posed by domestic violence in their home may serve as the basis for terminating parental rights."); *In re S.C.*, No. 15-0262, 2015 WL 2089743, at *2 (Iowa Ct. App. May 6, 2015) (affirming termination of rights where the mother failed to attend classes to address domestic violence and continued to maintain "regular, inappropriate, and harmful contact" with the abusive father); *In re J.F.,* No. 13-1956, 2014 WL 667789, at *2 (Iowa Ct. App. Feb. 19, 2014) (affirming termination of rights where the mother exposed the child to domestic violence and unstable relationships); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *2 (Iowa Ct. App. Jan. 23, 2014) (affirming termination of rights where mother was involved in violent relationships); *In re C.C.*, 538

N.W.2d 664, 667 (Iowa Ct. App. 1995) (affirming termination where mother stayed in an abusive relationship).

In affirming the termination of the mother's parental rights to her three children, we are cognizant that the mother is a victim of domestic violence. But our focus must be and is on these children. Given the mother's pattern of remaining in a relationship with the father, despite several years of services focused at addressing this issue, the prospect of the children's future exposure to domestic violence continues to loom large. Clear and convincing evidence exists in this record for termination under Iowa Code section 232.116(1)(f).

**B. Best Interests**

The mother further argues termination is not in her children's best interests. "Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). "In evaluating this issue, we 'give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting *P.L.*, 778 N.W.2d at 39); Iowa Code § 232.116(2).

The best interests of a child are impacted heavily by the need for permanency: "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. As noted above, the mother has been unable to protect herself from domestic abuse or prevent the children's exposure to the same. The children have

lived with their maternal grandmother since removal and are thriving in this placement. Termination is in the best interests of the children.[3]

## IV.     Conclusion

Clear and convincing evidence supports termination under section 232.116(1)(f), and termination is in the best interests of the children. Accordingly, we affirm.

**AFFIRMED.**

---

[3] To the extent the mother raises an issue of an extension of time in her best interests analysis, we find the passing reference is insufficient for our appellate review and the mother waived this issue. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002) (finding perfunctory mention of an issue without elaboration or supporting authority waives the claim).